Zachary Nightingale (California Bar # 184501)
Van Der Hout LLP
360 Post Street, Suite 800
San Francisco, CA 94108
Telephone: (415) 981-3000
Fax: (415) 981-3003
Email: ndca@vblaw.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| S.Y., Z.D., Y.W., H.G., W.X.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Kristi NOEM, in her official capacity, Secretary, U.S. Department of Homeland Security;<br><br>Todd M. LYONS, in his official capacity, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security;<br><br>Moises BECERRA, in his official capacity, Acting Field Office Director of San Francisco Office of Detention and Removal, U.S. Immigrations and Customs Enforcement, U.S. Department of Homeland Security; and<br><br>Donald J. TRUMP, in his official capacity, President of the United States of America;<br><br>    Defendants. | Case No. 5:25-cv-03244<br><br>**PLAINTIFFS' MOTION TO PERMIT PLAINTIFFS TO PROCEED UNDER PSEUDONYM**<br><br><u>Request for Declaratory and Injunctive Relief</u> |

*S.Y. v. Noem, et al.*, No. 5:25-cv-03244
PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM

## I. INTRODUCTION

Plaintiffs S.Y., Z.D., Y.W., H.G., and W.X. respectfully move the Court for an order allowing them to proceed under pseudonyms in this matter to protect their identities from public disclosure. Plaintiffs are current and former international students, both undergraduate and graduate students, some of whom are currently employed in the United States in professional capacities pursuant to valid post-graduate work authorization and who seek relief from Defendants' unlawful termination of their SEVIS accounts so that they may remain in this country to continue their current studies and their employment, and then hopefully their professional careers. They bring this suit to move this Court for declaratory and injunctive relief and restore their wrongfully terminated SEVIS statuses.

Plaintiffs are noncitizens from several countries who have had their SEVIS statuses terminated as part of a wave of F-1 visa revocations and SEVIS terminations.[1] Plaintiffs seek to proceed under pseudonyms because they fear retaliation by Defendants for asserting their rights through this lawsuit. They also fear being targeted by third parties, and fear reputational damage for being publicly identified as having law enforcement contacts (many of which are arrests that did not lead to charges or convictions) that led to the (unlawful) interruption of their education or employment, and could thus implicate their future ability to obtain employment or acceptance into other schools.

Therefore, an order allowing Plaintiffs to proceed under pseudonyms is warranted given the potential risks to them in proceeding publicly. Furthermore, permitting Plaintiffs to proceed under pseudonyms will not prejudice Defendants. Plaintiffs are willing to disclose their identity to government counsel who appear, as needed, to resolve the issues in this case.[2] However, public

---

[1] *See, e.g.*, Binkley, Collin, Annie Ma, and Makiya Seminera, *Federal officials are quietly terminating the legal residency of some international college students,* Associated Press, April 4, 2025, https://apnews.com/article/college-international-student-f1-visa-ice-trump-7a1d186c06a5fdb2f64506dcf208105a; Kaleem, Jaweed, *Trump administration cancels dozens of international student visas at University of California, Stanford*, Los Angeles Times, April 5, 2025, https://www.latimes.com/california/story/2025-04-05/trump-administration-cancels-international-student-visas-university-of-california-stanford

[2] Plaintiffs intend to seek a protective order and temporary restraining order on an emergency basis to prevent the use of any personal information disclosed in this case for retaliatory

*S.Y. v. Noem, et al.*, No. 5:25-cv-03244                    1
PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM

disclosure of Plaintiff's identity is neither necessary nor warranted and could lead others to personally identify them and target them for harassment and retaliation in the United States and abroad.

II.  **ARGUMENT - PLAINTIFFS SHOULD BE PERMITTED TO PROCEED UNDER PSEUDONYMS**

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires complaints to include the name of all parties, it is well-established that federal courts have discretion to permit parties to proceed under pseudonyms "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000) (collecting cases). The law is well-settled that parties to litigation may proceed using a pseudonym with leave of the court. *See, e.g.*, *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 294 n.1 (2000) (noting that the district court had permitted the plaintiffs "to litigate anonymously to protect them from intimidation or harassment"). As this Court has explained, "[i]n this circuit, parties may use pseudonyms in unusual cases when nondisclosure of the party's identity is necessary 'to protect a person from harassment, injury, ridicule or personal embarrassment.'" *K.H.B. ex. rel K.D.B. v. UnitedHealthcare Ins. Co.*, No. C18-04175 WHA, 2018 WL 4053457, at *1 (N.D. Cal. Aug. 24, 2018) (quoting *Advanced Textile*, 214 F.3d at 1067–68); *see also Balance Studio, Inc. v. Cybernet Entm't*, LLC, 204 F. Supp. 3d 1098, 1100–01 (N.D. Cal. 2016) (observing that a party can proceed anonymously where "anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature").

Courts in the Ninth Circuit analyze a request to proceed under a pseudonym or anonymously by asking whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1-68. Consistent with *Advanced Textile* and other Ninth Circuit precedents, courts in this district regularly permit parties to proceed pseudonymously or even anonymously when sensitive issues are relevant to the litigation.[3]

---

immigration enforcement before disclosing any identifying information to counsel for Defendants.

[3] *See, e.g.*, *Balance Studio, Inc.*, 204 F. Supp. 3d at 1102; *K.H.B.*, 2018 WL 4053457, at *2; *Doe v. Mt. Diablo Unified Sch. Dist.*, No. 18-CV-02589-JSC, 2018 WL 2317804, at *2 (N.D. Cal.

*S.Y. v. Noem, et al.*, No. 5:25-cv-03244            2
PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM

Plaintiffs should be permitted to proceed under pseudonyms. As explained in the accompanying complaint, Plaintiffs are noncitizens from several countries who have had their SEVIS accounts terminated as part of a wave of F-1 visa revocations and status terminations of international students. Those terminations are based on law enforcement contacts, implying a negative connotation of unlawful activity, or undesirability to participate in activities in the United States such as education and employment. Plaintiffs seek to proceed under pseudonyms because they fear retaliation by Defendants for asserting their rights to challenge the unlawful and unfair terminations through this lawsuit, and for raising a challenge to the possibility of immigration detention as the result of these terminations. They also fear harassment or blacklisting by third parties. This fear is well-founded. In recent weeks, the Administration has taken several actions of this very nature. The administration has already targeted international students for immigration enforcement and deportation on the basis of, among other things, their race, religion, and constitutionally protected speech.[4] The administration has very publicly arrested international students claiming they violated their visa status, with no prior notice to the students.[5] Students who have challenged this practice have faced immediate retaliation by the Trump Administration and private actors.[6]

The administration has also publicly stated its intent to treat very seriously any student or

---

May 22, 2018); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011).

[4] *See, e.g.,* "'Citizenship won't save you': Free speech advocates say student arrests should worry all," NPR (Apr. 8, 2025), https://www.npr.org/2025/04/08/nx-s1-5349472/students-protest-trump-free-speech-arrests-deportation-gaza.

[5] *See, e.g.,* "Federal Government Detains International Student at Tufts," NY Times (Mar. 26, 2025), https://www.nytimes.com/2025/03/26/us/ice-tufts-student-detained-rumeysa-ozturk.html.

[6] *See, e.g.*, "Cornell University student activist whose visa was revoked announces departure from the U.S.," NBC News (Apr. 1, 2025), https://www.nbcnews.com/news/us-news/cornell-momodou-taal-visa-left-us-rcna199088 ("Taal said he decided to sue the Trump administration hoping it would protect him and others in similar situations. Shortly after the lawsuit was filed, the Justice Department asked Taal to surrender to immigration authorities. Taal and his lawyer, Eric Lee, said the administration sent Immigration and Customs Enforcement agents to his home, revoked his student visa and took actions to prevent the lawsuit from going to court.").

others who are seen to violate the terms of their visas.[7] The intent and purpose of such rhetoric is to create an environment among noncitizens of fear of extreme treatment, including lengthy detention due to any immigration violation—the exact kind alleged by the government against Plaintiffs here.

The administration has also publicly called out specific law firms and immigration attorneys in general with accusations (lacking any evidence) of abuse of the immigration laws, with a stated intention to use all disciplinary measures available to punish such behavior.[8] The intent and purpose of such rhetoric is to create an environment in which attorneys also fear retribution for taking on immigration clients and defending their rights vigorously in the courts. That sends a further message to the clients that such defense of their own rights will imperil themselves and their advocates, and that if they attempt to engage in litigation against the administration, then they too, like the named lawyers and law firms already targeted, could be singled out for retribution by the administration.

The creation of such an environment of threats and fear of extreme and harsh treatment of immigrants and noncitizens also encourages private individuals to take action against those individuals in a manner that they believe is desired by the government. Such abuses by private individuals acting in the name of government goals stated by the current administration have caused real harm.[9]

---

[7] *See, e.g.,* "White House says DHS is using intelligence to identify student protesters following Mahmoud Khalil's arrest," CNN (Mar. 11, 2025), https://www.cnn.com/2025/03/11/us/mahmoud-khalil-arrest-dhs-intelligence-protestors/index.html; "Following arrest of pro-Palestinian activist, White House says more arrests coming," NPR (Mar. 12, 2025), https://www.npr.org/2025/03/12/nx-s1-5324754/following-arrest-of-pro-palestinian-activist-white-house-says-more-arrests-coming.

[8] *See, e.g.,* "Preventing Abuses of the Legal System and the Federal Court," The White House (Mar. 22, 2025), https://www.whitehouse.gov/presidential-actions/2025/03/preventing-abuses-of-the-legal-system-and-the-federal-court/; "Addressing Risks from Paul Weiss," The White House (Mar. 14, 2025), https://www.whitehouse.gov/presidential-actions/2025/03/addressing-risks-from-paul-weiss/; "Addressing Risks from Perkins Coie LLP," The White House (Mar. 6, 2025), https://www.whitehouse.gov/presidential-actions/2025/03/addressing-risks-from-perkins-coie-llp/.

[9] *See, e.g.,* "AG Rob Bonta warns Californians of fake ICE agents, scams targeting immigrants," CBS News (Mar. 18, 2025), https://www.cbsnews.com/sanfrancisco/news/ag-rob-bonta-warns-californians-of-fake-ice-agents-scams-targeting-immigrants/.

Finally, in the case of several Plaintiffs here, like others around the country, the basis for the termination of their SEVIS is nonexistent and yet is described by the government as criminal activity. Those who are arrested but not convicted generally do not have publicly available information about the arrest, and should enjoy the presumption of innocence given the absence of any finding of guilt, and yet if publicly identified, they are now tarred with the designation not only of criminal activity but also of the kind that purportedly justified termination of their student and removal from the country. Those who have sustained minor misdemeanor convictions are not subject to any grounds of deportation or inadmissibility (generally reserved for non-minor convictions) and yet are being publicly treated even worse by having their status unceremoniously terminated and being forced to end their education and leave the country. Again, identification of such wildly disproportionate treatment paints each of the Plaintiffs in a far more negative light due to the improper SEVIS termination which prejudices their future ability to be hired or accepted into a school—especially when such future employer or school is likely to be wary of embracing an individual already identified by the administration as worthy of being forced out of the country. Such harm to their reputations, not based on any underlying evidence, would be extremely hard if not impossible to repair in the environment that now pervades the country.

Thus, given the risk of harm and mistreatment to Plaintiffs if their identities are revealed to the public, Plaintiffs should be permitted to proceed under pseudonyms because their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1-68. Publicly disclosing Plaintiffs' identities during this case could lead others to personally identify them, both in the United States and abroad. Thus, nondisclosure of Plaintiffs' identities is necessary to protect them from "'harassment, injury, ridicule or personal embarrassment.'" *K.H.B. ex. rel K.D.B.*, No. C18-04175 WHA, 2018 WL 4053457, at *1 (quoting *Advanced Textile*, 214 F.3d at 1067–68).

Additionally, Defendants will not suffer prejudice if the Court allows Plaintiffs to proceed under pseudonym. Plaintiffs intend to seek a temporary restraining order on an emergency basis directing that any identity documents not be used for the purpose of

immigration enforcement. Once such protection is in place, Plaintiffs are willing to disclose their identity to government counsel who appear in this case (and this Court), as needed. They ask only to keep their identities private from the public for their safety.

Finally, where, as here, the defendant is either a government entity or official, courts routinely count the public interest factor as weighing in favor of leave to proceed under pseudonym. *See, e.g.*, *E.W. v. N.Y. Blood. Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[W]here a plaintiff attacks governmental activity…the plaintiff's interest in proceeding anonymously is considered particularly strong."). This is because the plaintiff "presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights," while "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.* The public interest therefore weighs in favor of allowing Plaintiffs to proceed using pseudonyms.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs ask that the Court grant this motion and permit them to proceed under pseudonyms.

Dated: April 11, 2025                                   Respectfully submitted,

/s/ Zachary Nightingale
Zachary Nightingale
Attorney for Plaintiffs