UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.Y., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>    Defendants. | Case No. 25-cv-03244-NW<br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE AND HEARING**<br><br>Re: ECF No. 10 |

On April 11, 2025, Plaintiffs brought suit against Kristi Noem, in her official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"), Todd M. Lyons, in his official capacity as the Acting Director of Immigration and Customs Enforcement ("ICE"), Moises Becerra, in his official capacity as the Acting Field Office Director of the San Francisco ICE Office of Detention and Removal, and Donald J. Trump, in his official capacity as President of the United States (collectively, "the Government"). Compl., ECF No. 1.

On April 16, 2025, Plaintiffs filed a motion for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) ("TRO"). ECF No. 10 ("Mot."). Plaintiffs ask the Court to temporarily enjoin Defendants from taking any enforcement action against them arising directly or indirectly from the termination of Plaintiffs' Student and Exchange Visitor Information Systems ("SEVIS") records[1] and possible revocation of their F-1 visa, and enjoin any legal effect that otherwise may be caused by the termination of Plaintiffs' SEVIS statuses or the potential unlawful revocation of their F-1 visas. Mot. at 1, 22.

---

[1] SEVIS is "the web-based system that [DHS] uses to maintain information regarding: . . . F-1 . . . students studying in the United States[.]" About SEVIS, Department of Homeland Security, https://studyinthestates.dhs.gov/site/about-sevis (last visited April 17, 2025).

## I.  BACKGROUND

The limited record before the Court indicates that Plaintiffs S.Y., Z.D., Y.W., H.G., and W.X. are each individuals who are present in the United States on an F-1 visa and are maintaining their status by being either current students or employed pursuant to post-graduate optional practical training ("OPT") employment authorization in this District.  Compl. ¶ 1.  This Court granted Plaintiffs leave to proceed under pseudonyms.  ECF No. 11.

Plaintiff S.Y. is a current graduate student in this District.  Compl. ¶ 35.  Plaintiff S.Y. first came to the United States in 2013 as an undergraduate student, on a student visa.  *Id*. ¶ 36.  Plaintiff S.Y.'s visa was renewed on multiple occasions, including most recently in 2024.  *Id*. ¶¶ 37-38.  On or about April 8, 2025, S.Y. received notice from their university that their SEVIS status was terminated; it is unclear who terminated S.Y.'s SEVIS status, but Plaintiff was informed that it was not the university.  *Id*. ¶¶ 39-41.  According to the university, the reason cited in SEVIS for the termination was "Otherwise Failing to Maintain Status – Individual identified in criminal records check and/or has had their visa revoked."  *Id*. ¶ 40; Decl. Zachary Nightingale in Support of Compl. ("Nightingale Compl. Decl.") ¶ 5, Ex. B.  Plaintiff S.Y. acknowledges a 2018 misdemeanor conviction for driving under the influence (for which S.Y. paid a fine and completed classes) but alleges it was not a crime of violence and did not carry a potential sentence of more than one year.[2]  *Id*. ¶ 45.  On or about April 9, 2025, Plaintiff S.Y. received notice from the U.S. Department of State that their F-1 visa had been revoked.  *Id*. ¶ 44.

Plaintiff Z.D. is currently employed pursuant to post-graduate OPT employment authorization, which is authorized through their F-1 student status, in this District.  *Id*. ¶ 46.  Plaintiff Z.D. first came to the United States in 2021 as an undergraduate student, on a student visa, and earned both undergraduate and graduate degrees.  *Id*. ¶ 47.  On or about April 4, 2025, Plaintiff Z.D. received notice from the Student and Exchange Visitor Program ("SEVP") that their SEVIS status was terminated.  *Id*. ¶ 48.  It is unclear who terminated Plaintiff Z.D.'s SEVIS status, but Plaintiff was not informed that the university terminated their SEVIS status.  *Id*. ¶ 52.

---

[2] Pursuant to 8 C.F.R. section 214.1(g), only a crime of violence and for which a sentence of more than one year imprisonment may be imposed constitutes a failure to maintain status.

According to SEVP, the reason cited in SEVIS for the termination was "Otherwise Failing to Maintain Status – Individual identified in criminal records check and/or has had their visa revoked." *Id.* ¶ 49; Nightingale Compl. Decl. ¶ 5, Ex. F. Plaintiff Z.D. acknowledges a 2024 misdemeanor conviction for disturbing the peace (for which Z.D. paid a fine) but alleges it was not a crime of violence and did not carry a potential sentence of more than one year. *Id.* ¶ 55. On or about April 4, 2025, Plaintiff Z.D. received an email from do-not-reply.SEVP@ice.dhs.gov stating that Z.D.'s OPT authorization period has ended. *Id.* ¶ 50. On or about April 6, 2025, Plaintiff Z.D. also received notice from the U.S. Department of State that their F-1 visa had been revoked. *Id.* ¶ 51.

Plaintiff Y.W. is a current undergraduate student in this District. *Id.* ¶ 57. Plaintiff Y.W. first came to the United States in 2021 as an undergraduate student, on a student visa. *Id.* ¶ 58. On or about April 4, 2025, Plaintiff Y.W. received a phone call from their university informing Y.W. that their SEVIS status was terminated. *Id.* ¶ 61. Plaintiff Y.W. is unaware of the factual basis for the termination of their SEVIS status; it is unclear who terminated Y.W.'s SEVIS status, but Plaintiff was informed that it was not the university. *Id.* ¶¶ 61-63. Plaintiff Y.W. does not have any criminal arrest or conviction, including no conviction for a crime of violence with a potential sentence of more than one year. *Id.* ¶ 65. Plaintiff Y. W. acknowledges that they were previously deported in 2022 (when Y.W. left the country and reentered while transiting to another country), which was not a criminal matter, and Y.W. subsequently applied for another F-1 visa, which the United States granted. *Id.* ¶¶ 59, 65. Plaintiff Y.W. has not received notice that their F-1 visa has been revoked.

Plaintiff H.G. is a current graduate student in this District. *Id.* ¶ 66. Plaintiff H.G. first came to the United States in 2019 as an undergraduate student, on a student visa, and earned an undergraduate degree. *Id.* ¶ 67. On or about April 4, 2025, Plaintiff H.G. received notice from their university that their SEVIS status was terminated; it is unclear who terminated H.G.'s SEVIS status, but Plaintiff was informed that it was not the university. *Id.* ¶ 69. According to the university, the reason cited in SEVIS for the termination was "Otherwise Failing to Maintain Status – Individual identified in criminal records check and/or has had their visa revoked." *Id.* ¶

70; Nightingale Compl. Decl. ¶ 5, Ex. L. Plaintiff H.G. acknowledges a 2021 arrest for which all changes were dismissed; this is not a conviction, nor a conviction for a crime of violence with a potential sentence of more than one year. *Id*. ¶ 74. Plaintiff H.G. has not received notice that their F-1 visa has been revoked.

Plaintiff W.X. is currently employed pursuant to post-graduate Science, Technology, Engineering, and Mathematics OPT employment authorization in this District. *Id*. ¶ 75. Plaintiff W.X. first came to the United States in 2017 as a high school student, on a student visa, and earned a high school diploma, and both undergraduate and graduate degrees. *Id*. ¶ 76. On or about April 4, 2025, Plaintiff W.X. received notice from the university where they obtained their graduate degree, which oversees their post-graduate employment authorization, that their SEVIS status was terminated; it is unclear who terminated Plaintiff W.X.'s SEVIS status, but Plaintiff was informed that it was not the university. *Id*. ¶¶ 77-80. According to the university, the reason cited in SEVIS for the termination was "Otherwise Failing to Maintain Status" with the "additional SEVP explanation [as] 'Individual identified in criminal records check and/or has had their VISA revoked.'" *Id*. ¶ 78; Nightingale Compl. Decl. ¶ 5, Ex. O. Plaintiff W.X. acknowledges a 2024 arrest for which no charges were filed. *Id*. ¶ 83. This is not a conviction, nor a conviction for a crime of violence with a potential sentence of more than one year. On or about April 9, 2025, Plaintiff W.X. received notice from the U.S. Department of State that their F-1 visa had been revoked. *Id*. ¶ 82.

## II.     LEGAL STANDARD

The Court may issue a TRO without notice to the adverse party only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). In addition, this District's Civil Local Rules require that a TRO application be accompanied by "[a] declaration by counsel certifying that notice has been provided to the opposing party, or explaining why such notice could not be provided." Civ. L.R. 65-1(a)(5).

4

Courts use the same standard for issuing a temporary restraining order as that for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id*. at 20. Courts may still issue a preliminary injunction if a "plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits," if the balance of equities "tips sharply in the plaintiff's favor" and the plaintiff establishes that they are likely to suffer irreparable harm and that an injunction is in the public interest. *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).[3]

### III. DISCUSSION

Although "very few circumstances" justify the issuance of an *ex parte* temporary restraining order, based on the Court's review of Plaintiffs' motion, allegations in the complaint, and relevant authorities, the Court finds that Plaintiffs have met the requirements for an emergency *ex parte* TRO. The Court is satisfied that Plaintiffs have demonstrated that there are serious questions going to the merits of their claims under the Administrative Procedure Act, and have further established that they are likely to succeed on the merits. Plaintiffs' counsel notes that they have reached out to the Office of the United States Attorney about this matter and the pending motion. Decl. Zachary Nightingale in Support of Mot. ¶ 2-3, ECF No. 10-1. Plaintiffs' counsel indicates that "Defendants' counsel stated via email that they have notified Defendants of this case, but that Defendants cannot stipulate to the terms proposed by the temporary restraining

---

[3] Where, as here, the Government is a party, the last two *Winter* factors merge. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

order at this time." *Id*. ¶ 4.

Plaintiffs argue the termination of a SEVIS record is a final agency action for purposes of the APA. *See, e.g., Fang v. Dir. U.S. Immigr. & Customs Enf't,* 935 F.3d 172, 185 (3rd Cir. 2019) (holding that order terminating F-1 visa status was final agency action for jurisdictional purposes). Based on the record currently before this Court, Plaintiffs will likely be able to show that Defendants' termination of Plaintiffs' F-1 student statuses were not in compliance with 8 C.F.R. § 214.1(d), and were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See* 5 U.S.C. § 706(2)(A); *see also e.g.*, *Roe v. Noem*, No. CV 25-40-BU-DLC, 2025 WL 1114694, at *3 (D. Mont. April 15, 2025) (granting TRO on APA claim on similar facts: student alleged DHS unlawfully terminated F1-status in SEVIS system and cited reasons did not comport with statutory or regulatory requirements); *Isserdasani v. Noem*, No. 25-cv-283-WMC, 2025 WL 1118626, at *6 (W.D. Wis. Apr. 15, 2025) (same).  In the last week, throughout the United States, current and former students with F-1 visas have been granted temporary injunctive relief following their SEVIS records being terminated. *Liu v. Noem*, Case No. 1:25-cv-00133-SE-TSM (D.N.H. Apr. 10, 2025); *Wu v. Lyons,* Case No. 1:25-cv-01979-NCM (E.D.N.Y. Apr. 11, 2025); *Isserdasani*, 2025 WL 1118626, at *3; *Hinge v. Lyons*, Case No. 1:25-cv-01097 (D.D.C. Apr. 17, 2025); *Arizona Student DOE #2 v. Trump*, Case No. 4:25-cv-00175-AMM (D. Ariz. Apr. 15, 2025); *Jin v. Noem*, Case No. 0:25-cv-01391-PJS-DLM (D. Minn. Apr. 17, 2025).

The Court also finds that Plaintiffs have shown the likelihood of irreparable harm absent relief. Plaintiffs allege that they are current at risk of unlawful enforcement action by Defendants including arrest and detention, which would likely lead to them being transferred to another jurisdiction far away from their communities, and deportation. Mot. at 18. Plaintiffs additionally allege that they have been experiencing high levels of stress and anxiety since the termination of their SEVIS records. Mot. at 19. Moreover, Plaintiffs allege that termination of their SEVIS records is likely to lead to the discontinuation of their studies or their inability to continue their OPT employment, jeopardizing Plaintiffs' academic and career trajectories. *Id*. Plaintiffs have shown that, without a TRO, they will suffer irreparable harm for which an award of monetary damages would not be sufficient.  The Court's conclusion on this factor is further supported by the

6

Government's refusal stipulate to the terms proposed by the temporary restraining order, which included the agreement not to arrest or deport Plaintiffs during the pendency of this action.

In its analysis the Court has considered: the limited scope of this TRO; the serious possible consequences to Plaintiffs, including loss of education, employment, arrest, and/or deportation; and the public interest served by our government respecting due process, compliance with the APA, and other federal laws – interests fundamental to our historic values. *See Marbury v. Madison*, 5 U.S. 137, 163 (1803) ("The government of the United States has been emphatically termed a government of laws, and not of men."). The Court finds that both the balance of the hardships, and whether injunctive relief is in the public interest, weigh in Plaintiffs' favor.

Finally, under the circumstances of this case and because the TRO should not result in any financial damage to Defendants, the Court waives the requirement that Plaintiff give an amount of security.

## IV.   CONCLUSION

Accordingly, the Court GRANTS Plaintiffs' motion for a TRO to preserve the status quo pending further briefing and a hearing on this matter. The Court shall hold an in-person hearing on Friday, April 25, 2025, at 9:00 a.m. Defendants shall file a response to Plaintiffs' motion by no later than April 21, 2025, at 11:00 a.m. Plaintiff shall file a reply by no later than April 23, 2025, at 11:00 a.m.

IT IS FURTHER ORDERED as follows:

(1) Defendants are enjoined for 14 days from arresting and incarcerating Plaintiffs pending resolution of these proceedings. 5 U.S.C. § 705; and

(2) Defendants are enjoined for 14 days from transferring Plaintiffs outside the jurisdiction of this District pending the resolution of these proceedings. 5 U.S.C. § 705; and

(3) Defendants are enjoined for 14 days from imposing any legal effect that otherwise may be caused by the termination of Plaintiffs' SEVIS statuses or the potential unlawful revocation of their F-1 visas. 5 U.S.C. § 705; § 706(2)(A), (C)-(D); and

(4) The parties shall redact or file any information identifying Plaintiffs under seal; and

(5) Defendants' counsel are prohibited from sharing any information about Plaintiffs' identities or related personal information beyond what is reasonably necessary for the litigation (including to comply with Court orders) and to prohibit use of the information for any purpose outside of the litigation; and

(6) Plaintiffs shall serve Defendants with this Order forthwith and provide proof of service on the docket by no later than April 18, 2025, by 1:00 p.m.

**IT IS SO ORDERED.**

Dated: April 17, 2025 at 4:45 p.m.



Noël Wise
United States District Judge